[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#161)
Before the court is the defendants' motion for summary judgment. For the following reasons, the court denies the motion.
 I. BACKGROUND
The Cadle Company, the plaintiff, alleges that Lawrence and Elizabeth Gabel and Norman Zolot, Trustee, the defendants, engaged in fraudulent activity which prevented the plaintiff from collecting a debt owed to it by Mr. Gabel. The following facts are set forth in the tenth count of the "corrected amended complaint."[1]
On May 20, 1994, the Branford Savings Bank (Branford Savings) secured a judgment against Lawrence Gabel in the amount of $96,751.64. On June 24, 1994, Branford Savings assigned the judgment to the plaintiff. The judgment has not been satisfied.
Before the assignment of the judgment, Mr. Gabel defaulted on a note CT Page 2657 secured by an open-end mortgage deed on his home at 21 North Main Street, Essex (the property.) The mortgagee, Ocwen Federal Bank (Ocwen) commenced a foreclosure action against the Gabels, resulting in a judgment of foreclosure by sale. In June 1995, the Gabels appealed the judgment.
While the appeal was pending, Mr. Gabel formed a "consortium of so-called "friendly investors' comprised of members of his family and/or close friends. . . ." (Corrected Amended Complaint, Count 10, ¶ 16.) This consortium formed a trust, naming Noman Zolot as the trustee.
Mr. Gabel, either directly or through Zolot, as trustee, or other counsel, negotiated a purchase price for the Ocwen mortgage. On December 30, 1996, Ocwen executed an assignment of the mortgage and endorsed the note to Zolot, as trustee.
Mrs. Gabel, who had been the title owner to the property since Mr. Gabel had transferred it to her by quitclaim deed on October 18, 1991, conveyed the property back to Mr. Gabel on December 30, 1996, for no consideration. Mr. Gabel withdrew his appeal of the foreclosure judgment. Zolot, as trustee, after substituting himself as the plaintiff in the foreclosure action, opened the judgment and obtained a new judgment of foreclosure by sale, then bid upon the property and took legal title to it. In August, 1997, the property was again transferred to Mrs. Gabel for no consideration. Mr. and Mrs. Gabel allegedly continue to live at the property.
On November 13, 2001, the defendants filed a motion for summary judgment concerning the tenth count. The motion was argued before this court on January 7, 2002.
 II. STANDARD OF REVIEW
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."H.O.R.S.E. of Connecticut, Inc. v. Town of Washington, 258 Conn. 553,559, 783 A.2d 993 (2001). "A material fact . . . [is] a fact which will CT Page 2658 make a difference in the result of the case." (Internal quotation marks omitted.) Id., 560. "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist"New Haven Savings Bank v. LaPlace, 66 Conn. App. 1, 6, 783 A.2d 1174, cert. denied, 258 Conn. 942, 786 A.2d 426 (2001).
"The test is whether a party would be entitled to a directed verdict on the same facts." Gordon v. Glass, 66 Conn. App. 852, 854, 785 A.2d 1220
(2001). "Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Internal quotation marks omitted.)Morascini v. Commissioner of Public Safety, 236 Conn. 781, 808-09,675 A.2d 1340 (1996).
 III. DISCUSSION
The defendants contend that they have shown that no genuine issue of material fact exists as to the tenth count. They argue that, because the property allegedly subject to the constructive trust had no equity, i.e., the debt surpassed the worth of the property, the defendants' actions did not harm the plaintiff.[2]
"Our general standards governing the imposition of a constructive trust are well established. [A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. . . . Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the plaintiff" (Internal quotation marks omitted.)Giulietti v. Giulietti, 65 Conn. App. 813, 856, 784 A.2d 905, cert. denied, 258 Conn. 946, 788 A.2d 95 (2001).
In their documentation, the defendants have shown that the debt surpassed the value of the property's worth by attaching a copy of the May 7, 1997, foreclosure judgment.[3] At issue is whether the alleged harm done to the plaintiff must be confined to the equity in the property CT Page 2659 allegedly subject to the constructive trust.
In Wendell Corporation Trustee v. Thurston, 239 Conn. 109, 680 A.2d 1314
(1996), the Supreme Court considered whether the lack of equity in a property would restrict the court from imposing a constructive trust. TheWendell plaintiff was trying to reach debt owed by a trust after the trust had divested itself of most of its assets. Id., 111-112. The court found that "[a]lthough the potential of equity in the . . . property is relevant, we conclude that it is appropriately taken into account not in the decision regarding whether there should be a constructive trust on the . . . property, but in the decision regarding the monetary extent of that trust, and the extent and timing of its enforcement." Id., 120.
That analysis is properly applied in this case because the harm need not merely be confined to what the plaintiff could have received from the property. The harm alleged in the complaint is that the defendants undertook a scheme to divest Mr. Gabel of his assets in order to avoid the plaintiff's judgment against Mr. Gabel.
This interpretation of the harm requirement is supported by the "closely related context of unjust enrichment." Wendell Corp. Trustee v.Thurston, supra, 239 Conn. 114. See, Giulietti v. Giulietti, supra,65 Conn. App. 856 ("The imposition of a constructive trust by equity is a remedial device designed to prevent unjust enrichment. . . . Thus, a constructive trust arises where a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."). See also, Aetna Life Casualty Co. v. Union Trust Co., 230 Conn. 779, 791,646 A.2d 799 (1994) ("The tort of conversion and the equitable remedy of constructive trust share a common element: the party sought to be held liable has engaged in conduct that wrongfully has harmed the plaintiff ") (Emphasis in original).
The court's conclusion is also bolstered by the nature of a constructive trust itself. A constructive trust is an equitable instrument. "[E]quity will intervene to remedy the wrong done, although the law would otherwise leave the parties where it finds them." Cohen v.Cohen, 182 Conn. 193, 204, 438 A.2d 55 (1980). Moreover, "[a] constructive trust is a flexible equitable remedy whose enforcement is subject to the equitable discretion of the trial court." Wendell Corp.Trustee v. Thurston, supra, 239 Conn. 120. As "Judge Cardozo wrote: `A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.'" Schmaling v.Schmaling, 48 Conn. App. 1, 18, 707 A.2d 339, cert. denied, 244 Conn. 929, CT Page 2660 711 A.2d 727 (1998).
The allegations provide that the defendants put together a scheme whereby Mr. Gabel would be divested of his assets, including his home. This alleged wrongful conduct led to Mr. Gabel retaining all the benefits of ownership of the property when he knew or should have known that he owed the plaintiff on the judgment. By retaining the benefits Mr. Gabel allegedly has been unjustly enriched. See, e.g., Spector v. Konover,57 Conn. App. 121, 133, 747 A.2d 39, cert. denied, 254 Conn. 913,759 A.2d 507 (2000) (finding that "[t]he defendants were unjustly enriched through their misuse of . . . assets, and a constructive trust is an appropriate remedy.").
In view of the flexible nature of the constructive trust doctrine, the court cannot limit the harm to the equity in the property when the plaintiff has pleaded an unjust enrichment caused by the defendants' alleged acts. Because, for the purposes of the present motion for summary judgment, the defendants have not contested the alleged facts, the court finds that the defendants have not shown that, as a matter of law, a constructive trust cannot be imposed upon the Gabels' home. The harm alleged is Mr. Gabel's avoidance of the judgment against him. If that avoidance and an unjust enrichment are proven at trial, the court may impose a constructive trust for the benefit of the plaintiff
 IV. CONCLUSION
For the reasons herein stated, the court denies the defendants' motion for summary judgment. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT